**Leonel Ponce BARRAZA, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 16-71575**

United States Court of Appeals, Ninth Circuit.

Submitted January 16, 2018 *

Filed January 19, 2018

---

ed by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Eva Garcia-Mendoza, Esquire, Garcia-Mendoza & Snavely Chtd., Las Vegas, NV, for Petitioner

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Jane Tracey Schaffner, Don George Scroggin, Esquire, Trial At, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

MEMORANDUM **

Leonel Ponce Barraza, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his request for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

The agency did not abuse its discretion in denying Ponce Barraza's request for an additional continuance for lack of good cause, where he had been given time for preparation but did not file an asylum application prior to the IJ's deadline. *See* 8 C.F.R. §§ 1003.29, 1003.31(c); *Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) (applications not submitted by the deadline set by the IJ are deemed waived); *Ahmed*, 569 F.3d at 1012 (listing factors to consider). The record does not support Ponce Barraza's contention that the BIA erroneously required him to show prima facie eligibility for asylum or submit an asylum

application on appeal in order to show good cause for a continuance.

Ponce Barraza's related due process claim fails for lack of prejudice. See *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).